322

SHERMAN PROPERTIES, INC., PLAINTIFF, v. HYMEN B.
MINTZ, THE REGISTER OF DEEDS AND MORTGAGES
OF ESSEX COUNTY, DEFENDANT.

District Court, Essex County

March 3, 1975.

*Mr. Howard S. Greenberg* for plaintiff (*Messrs. Ravin & Ravin,* attorneys).

*Mr. Richard M. Cignarella* for defendant (*Mr. Francis Patrick McQuade,* attorney).

ALBANO, J. D. C.  These cross-motions for summary judgment focus attention on the taxability, or liability for additional recording fees, of a corrective deed.

The facts are not in dispute and the matter is ripe for summary determination. *Judson v. Peoples Bank and Trust Co. of Westfield,* 17 *N. J.* 67, 73–75 (1954).

Both parties agree that (1) plaintiff is the named grantee in a certain deed recorded March 18, 1968 in Essex County Deed Book 4268 at page 521, etc.; (2) no tax, either by way of a federal stamp tax or by way of New Jersey additional recording fees, was attributable to this recording; (3) the acknowledgment of the deed was defective; (4) an additional and correcting acknowledgment was appended to the deed, on or about July 26, 1974; (5) *L.* 1968, *c.* 49, providing for the payment of additional fees on the recording of deeds evidencing transfer of title, became effective on or about July 3, 1968; (6) the same deed with the new acknowledgment was offered for re-recording on August 1, 1974; (7) the Essex County Register's Office demanded additional recording fees of $373 based on the balance due of an existing mortgage; (8) an affidavit for exemption was executed and presented to the Register's office; (9) the additional recording fee of $373 was

demanded and was paid under protest; (10) the deed then was re-recorded in Deed Book 4481, page 1059; (11) the re-recorded deed was a corrective deed.

Various statutes must be read and construed for the resolution of this matter and their reading and construction must be consonant with *Lane v. Holderman*, 23 *N. J.* 304, 313, (1957), which says that the meaning of a statute is primarily ascertained by reading the language employed in its ordinary and common significance.

*N. J. S. A.* 46:15–5 defines both "deed" and "consideration": "deed" means an instrument or writing by which title to any land, tenements or other realty sold shall be granted, assigned, transferred or otherwise conveyed; "consideration" means, in the case of any deed, the actual amount of money and the monetary value of any other thing of value constituting the entire compensation paid or to be paid for the transfer of title to the lands, tenements or other realty, including the remaining amount of any prior mortgage to which the transfer is subject or which is to be assumed and agreed to be paid by the grantee, and any other lien or encumbrance thereon not paid, satisfied or removed in connection with the transfer of title.

*N. J. S. A.* 46:15–7 provides for the payment by a grantor of an additional recording fee, computed at the rate of $.50 for each $500 of consideration or fractional part thereof recited in a deed, to the county recording officer at the time the deed is offered for recording.

*N. J. S. A.* 46:15–10 excludes certain instruments from additional recording fees, and *N. J. S. A.* 46:15–10 (d) specifically refers to any deed which confirms or corrects a deed previously recorded.

Plaintiff reads these statutes as excluding its corrective deed from additional recording fees.

Defendant argues that, while plaintiff's deed is a corrective deed, it does not fall within the class of corrective deeds enjoying the exclusion of *N. J. S. A.* 46:15–10(d). According to defendant, the Legislature intended that grantors pay an

additional recording fee when property was transferred. Having once paid this fee, a grantor would not need to pay it again if a corrective deed were recorded. And, since plaintiff here paid no additional recording fee on March 18, 1968 (said fee not then being in existence), it must pay one now on the re-recording.

A plain reading of the statutes supports plaintiff's interpretation. Under *N. J. S. A.* 46:15–5 a deed transfers title, and consideration equals the monetary value making up the compensation paid or to be paid for the transfer of title. It is this consideration to which the additional recording fee attaches.

■■ The corrective deed here was necessitated by a faulty or defective acknowledgment. The original deed, recorded March 18, 1968, was valid, between the parties, to transfer the title to the realty. No part of the title was transferred by, and no consideration was paid for, the corrective acknowledgment. In *Moore v. Riddle*, 82 *N. J. Eq.* 197, 203 (Ch. 1913), the court said that a certificate of acknowledgment is not essential to the validity of a deed and forms no part of it, but the acknowledgment supplies evidence of the due execution of the deed in lieu of direct proof and enables the deed to be recorded. It follows, then, that the imposition of the additional recording fee when the deed was re-recorded was not proper since there was no transfer of the title and no consideration.

Additionally, under *N. J. S. A.* 46:15–10(d), fairly read, the re-recorded deed was a corrective deed and excluded from the additional recording fee.

Defendant's motion for summary judgment is denied, plaintiff's motion for summary judgment is granted, and judgment is entered in favor of plaintiff and against defendant in the sum of $373.